627 S.E.2d 716

**In the Matter of GREENVILLE COUNTY MAGISTRATE Don I. HENSLEY, Respondent.**

**No. 26117.**

Supreme Court of South Carolina.

Submitted Jan. 31, 2006.

Decided Feb. 27, 2006.

Henry B. Richardson, Jr., Disciplinary Counsel, and Robert E. Bogan, Assistant Deputy Attorney General, both of Columbia, for the Office of Disciplinary Counsel.

David L. Thomas, of Greenville, for respondent.

**PER CURIAM:**

■ In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR. We accept the agreement and impose a public reprimand. The facts as set forth in the agreement are as follows.

## FACTS

On June 6, 1989, respondent was appointed to serve as a Greenville County Magistrate. Dorothy Campbell Crossley served as respondent's office manager from 1996 to January 2005. On January 27, 2005, Crossley went to respondent's home before reporting to work and confessed she had been stealing money from respondent's office for five years.

Crossley provided the following explanation concerning her thefts to ODC. She reported that the banking deposit was customarily compiled between 4:30 and 5:00 p.m. and that, at this time, respondent was either not in the office or did not review the deposit. Accordingly, unless she was absent from

work or busy, Crossley was left with exclusive control over the daily deposits and associated documentation. Knowing her work would not be reviewed, Crossley would occasionally take cash from the criminal deposit and reduce the amount of cash shown on the deposit ticket by the same amount, even though this left the deposit out of balance with the office's computer-generated daily deposit listing.

ODC examined financial records provided by respondent's office for the months of January, April, August, and December 2004. The examination confirmed the pattern of embezzlement described by Crossley. Using the practice described above, Crossley embezzled $8344.60 in those four months. ODC is informed that an accounting conducted by the Greenville County Finance Department indicates respondent's office is missing approximately $96,500 and it appears this amount was taken by Crossley while working under respondent's supervision.

This Court's November 9, 1999 order provides:

While the Court recognizes that magistrates must utilize employees of their office to assist in the handling of the monies of their office, each magistrate is personally responsible for compliance with all procedures for the handling of the monies of their magisterial office and proper record keeping related thereto and shall regularly, but no less than monthly, review bank statements and other records to insure such compliance.

Respondent represents that he relied almost entirely on Crossley to properly document and disburse the monies in his office and that, prior to January 27, 2005, he had complete faith in Crossley and did not see the need to "go behind her" and check her work. Respondent acknowledges that his supervision of Crossley did not comply with the requirements of the Court's November 9, 1999 order and represents he has now implemented each of the oversights required by the order. Respondent disputes any contention that his adherence to the order would have prevented Crossley's embezzlement and has submitted affidavits in support of his belief that Crossley would have been successful in her embezzlement scheme even if all requirements of the November 9, 1999 order had been followed.

## LAW

■ By his misconduct, respondent has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 2 (judge shall avoid impropriety in all activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity of the judiciary); Canon 3 (judge shall perform the duties of office diligently); Canon 3(C)(1) (judge shall maintain professional competence in judicial administration); and Canon 3(C)(2) (judge shall require his staff to observe the standards of fidelity and diligence that apply to the judge). In addition, respondent admits that he has violated the Court's November 9, 1999 order. Respondent admits his misconduct is grounds for discipline under Rule 7(a)(1) (it shall be ground for discipline for judge to violate the Code of Judicial Conduct), Rule 7(a)(4) (it shall be ground for discipline for judge to persistently fail to perform judicial duties or persistently perform judicial duties in an incompetent or neglectful manner), and Rule 7(a)(7) (it shall be ground for discipline for judge to willfully violate a valid order issued by a court of this state) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

### CONCLUSION

We note respondent did not participate in the thefts reported by this opinion. Moreover, he candidly reported the thefts and, thereby, his own misconduct, to ODC and fully cooperated with ODC in its investigation of this matter. Accordingly, we accept the Agreement for Discipline by Consent and issue a public reprimand. Respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

WALLER, J., not participating.